Bookstaver, J.
The defendants were bankers an
brokers in stock, etc. *'
On the 15th of June, 1881, the plaintiff enclosed a check for $300 in a letter to defendants. In the letter he directed this money to be placed to his credit, as margin, and that they execute the orders of G. W. Warren for his account, who was, by the letter, authorized to act for the plaintiff as far as his account would warrant.
On the order of Warren, before the 5th of October, 1881, defendants had purchased for the account and were then carrying 100 shares of Toledo, Deleware, Fontaine and Burlington stock; and also 100 shares of Central Arizona stock.
On the 5th of October, 1881, Warren instructed defendants to sell, on plaintiff’s accounts, 100 shares of Denver and Rio Grand stock at eighty-two.
This was what is commonly known as a short sale. On the 8th of October, 1881, this stock had advanced to eighty-three and one half, whereupon the defendants, as plaintiff claims, without the order or consent of himself or his agent, purchased 100 shares of Denver stock, at the price last named, to cover such sale.
Plaintiff also claims that this was done without any proper notice or demand for more margin.
From the case it appears that two notices for more margin were made on the plaintiff on the day the purchase was made.
Defendants gave testimony tending to show that, at the time Mr. "Warren gave dbJons to sell the Denver stock short, the margin to plaintiff's credit did not exceed $120, and that their agent informed him that there was not enough margin to "warrant the defendants in so doing, to which Warren replied: “I wish you would do it and give me a show; I have been losing money, and you know I will not let it go more than half a cent against me,” and he also said he would stay in the office and look out for it, and, in casé it went against him, he would give defendant’s agent an order at once to cover it, so that little money could be lost on the transaction; and that this was the . understanding on which the stock was sold, and, but for this, they would not have had the transaction.
This was denied entirely by the plaintiff and his witnesses.
We think that, if the stock was sold on his understanding, and not as plaintiff claims, it would have been a good answer to the action, and that the question was one of fact, *261 which should have been submitted to the jury.' Therefore the judgment and order should be reversed and a new trial ordered with costs to abide the event.
Larremore, C. J., and Allen, J., concur.